```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

MUSTAFA RASHID,

                    Plaintiff,
                                              13 Civ. 8444 (RWS)
        - against -
                                                  OPINION

CITY OF NEW YORK,

                    Defendant.

-----------------------------------------X

A P P E A R A N C E S:

    Pro Se

    MUSTAFA RASHID
    13-A-5370
    P.O. Box 50
    Groveland Correctional Facility
    7000 Sonyea Road
    Sonyea, NY  14556


    Attorneys for the Defendant

    ZACHARY W. CARTER
    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street
    New York, NY  10007
    By:  Matthew Bridge, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-16-14

**Sweet, D.J.**

Defendant City of New York ("Defendant") moves to dismiss the complaint of plaintiff Mustafa Rashid ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to stay discovery until the resolution of its motion to dismiss.  Plaintiff moves for the production of certain discovery, to amend his complaint, and for pro bono counsel.

On November 22, 2013, Plaintiff filed his complaint against the Defendant pursuant to 42 U.S.C. § 1983, alleging that he was unlawfully detained and subjected to cruel and unusual punishment by the New York City Department of Correction.

On May 7, 2014, Defendant filed its motion to dismiss arguing that (1) Plaintiff's incarceration was lawful under New York law; (2) Plaintiff's Fourth Amendment detention claims fail because Plaintiff was detained pursuant to a valid court-ordered stay; (3) Plaintiff has failed to plead a plausible Eighth Amendment Claim; (4) Plaintiff's allegations regarding prison searches fail to plead a plausible Fourth Amendment claim, (5) Plaintiff has not plausibly alleged municipal liability; and (6)

1

Plaintiff's false arrest, unlawful search, and state law claims are time barred. On May 20, 2014, Plaintiff requested a 60-day extension to file his opposition papers, which was unopposed by Defendant and granted by the Court. Also on May 20, 2014, Plaintiff made his second request for appointment of pro bono counsel.

On June 26, 2014, Plaintiff submitted a request for production of documents. On July 17, 2014, Defendant opposed Plaintiff's discovery request, moving for a stay of proceedings until the resolution of Defendant's motion to dismiss.

On July 11, 2014, Plaintiff requested leave to amend his complaint.

The instant motions were heard and fully submitted on August 13, 2014. On August 27, 2014, Plaintiff was directed to submit his opposition papers to the Court.

No opposition having been filed by Plaintiff, after being granted the opportunity to do so, Defendant's motion to dismiss is granted as time barred.

2

Plaintiff is granted leave to replead within 20 days.

New York, New York
September 16, 2014

_____
Robert W. Sweet, U.S.D.J.