UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MUSTAFA RASHID,

                    Plaintiff,

                                            13 Civ. 8444 (RWS)

        - against -
                                                OPINION

CITY OF NEW YORK,


                    Defendant.

------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-30-15
```

A P P E A R A N C E S :


        Pro Se

        MUSTAFA RASHID
        13-A-5370
        P.O. Box 50
        Groveland Correctional Facility
        7000 Sonyea Road
        Sonyea, NY  14556


        Attorneys for the Defendant

        ZACHARY W. CARTER
        CORPORATION COUNSEL OF THE CITY OF NEW YORK
        100 Church Street
        New York, NY  10007
        By:  Matthew Bridge, Esq.

**Sweet, D.J.**

Plaintiff Mustafa Rashid ("Plaintiff" or "Rashid") has moved for reconsideration of this Court's September 16, 2014 opinion and order ("September 16 Opinion") granting defendant City of New York's ("Defendant") motion to dismiss.

Upon the conclusions set forth below, Plaintiff's motion is denied.

**Prior Proceedings**

Prior proceedings are outlined, in part, in the September 16 Opinion (see Dkt. No. 30), familiarity with which is assumed.

The September 16 Opinion, amongst other things, dismissed Plaintiff's complaint for failure to oppose the Defendant's motion to dismiss. In Plaintiff's letter dated September 30, 2014, Plaintiff stated that he wrote "to respectfully request that the Court reconsider its [September 16 Opinion] . . . ." On October 30, 2014, Plaintiff submitted memorandum of law which he referred to as an "Opposition Motion" and which was labeled "Plaintiff's Memorandum of Law in Support

1

of its Opposition Motion Pursuant to Fed. R. Civ. P. 56 (c)."
(See Dkt. Nos. 32, 33.)  Defendant has not submitted any
opposition to Plaintiff's reconsideration request or memoranda
of law.

The instant motion was marked fully submitted on
October 30, 2014.

## Plaintiff Fails to Meet Reconsideration Standard

Under Local Rule 6.3, a court may grant
reconsideration where the moving party demonstrates an
"intervening change in controlling law, the availability of new
evidence, or the need to correct a clear error or prevent
manifest injustice." Henderson v. Metro. Bank & Trust Co., 502
F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and
citations omitted); see also Parrish v. Sollecito, 253 F. Supp.
2d 713, 715 (S.D.N.Y. 2003).  However, reconsideration of a
court's prior order is an "extraordinary remedy to be employed
sparingly in the interests of finality and conservation of
scarce judicial resources." Sikhs for Justice v. Nath, 893 F.
Supp. 2d 598, 605 (S.D.N.Y. 2012) (citations omitted).
Accordingly, the standard of review applicable to such a motion
is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d

Cir. 1995).

      Plaintiff has provided no intervening change in controlling law, new evidence, clear error, or manifest injustice either in his moving papers or his memorandum of law. "[W]hen [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  However, those proceeding pro se "generally are required to inform themselves regarding procedural rules and to comply with them." LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (quoting Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)); see also Azkour v. Haouzi, No. 11 Civ. 5780(RJS)(KNF), 2012 WL 3561071 (S.D.N.Y. Aug. 17, 2012) ("The Court's obligation to construe a pro se litigant's pleadings liberally has nothing to do with the pro se litigant's independent obligation to 'inform [himself] regarding procedural rules and to comply with them.'"). Accordingly, because no basis upon which reconsideration may be granted has been asserted, Plaintiff's motion must be denied.

**Plaintiff's Pleadings Are Time Barred and Fail to Meet the Strictures of 12(b)(6)**

      Even if the Court were to take Plaintiff's memorandum,

consider it opposition to Defendant's earlier granted motion to dismiss, and consider the motion to dismiss on its original terms, Plaintiff's complaint would still be dismissed.

**1. Facts**

On October 31, 2008, Plaintiff was freed from Rikers Island after serving a sentence for petit larceny.  (Compl. ¶ 1); see also In re State of New York v. Rashid, 942 N.E.2d 225, 227 (N.Y. 2010).  On November 4, 2008, Plaintiff's parole supervision ended when he reached the maximum term under the consecutive sentences stemming from a 1992 guilty plea on two counts of first-degree robbery and single counts of first-degree burglary, first-degree rape, and first-degree sodomy.  (Compl. at 2); Rashid, 942 N.E.2d at 226-27.  On November 5, 2008, the New York State Attorney General filed a petition in the New York County Supreme Court seeking sex offender management of Plaintiff pursuant to Article 10 of the Mental Hygiene law. (Compl. ¶ 3); Rashid, 942 N.E.2d at 227.  At a hearing on November 19, 2008, the New York County Supreme Court determined that there was probable cause to believe Plaintiff was a sex offender requiring civil management, citing factors from Plaintiff's criminal history.  (Compl. ¶ 4); Rashid, 942 N.E.2d at 230.  The Court then ordered that Plaintiff be committed to a

4

secure treatment facility pending the outcome of his trial,
pursuant to Mental Hygiene Law § 10.06(k).  (Compl. ¶ 4);
Rashid, 942 N.E.2d at 230-31.[1]


        Subsequently, the New York County Supreme Court
determined that Plaintiff should not be subjected to sex
offender management.  (Compl. ¶ 6); Rashid, 942 N.E.2d at 232.
Nonetheless, the Court imposed a stay on Plaintiff's release
pending the outcome of the Attorney General's appeal.  (Compl. ¶
6); Rashid, 942 N.E.2d at 232.  This stay remained in effect
until the New York Court of Appeals affirmed the Supreme Court's
opinion on November 23, 2010.  (Compl. ¶10); Rashid, 942 N.E.2d
at 232.


        While the appeal was pending, Plaintiff was at some

---

[1] According to Plaintiff, Justice Stone stated that Rashid could not "go back
to a correctional facility due to the fact that Mr. Rashid was being held on
a civil commit[]ment not a criminal charge."  (Compl. ¶ 4.)  However, the New
York Court of Appeals opinion noted that Justice Stone had determined that
"[b]ecause of Rashid's 'long history of criminality going back to his youth,'
. . . there was probable cause to believe that Rashid was dangerous enough to
require confinement pending trial, and that lesser conditions of confinement
were insufficient to protect the public since his behavior while incarcerated
was 'exemplary,' but once released he reverted to substance abuse and violent
crime."  Rashid, 942 N.E.2d at 230.  If a document is integral to a
complaint, even if not explicitly referenced or incorporated, courts may
consider its contents when deciding a 12(b)(6) motion.  Broder v. Cablevision
Systems Corp., 418 F.3d 187, 196 (2d Cir. 2005).  Courts need not accept a
description of the documents contents, but may look to the document itself.
Id.; see also In re Bristol Meyers Squibb Sec. Litigation, 312 F. Supp. 2d
549, 555 (S.D.N.Y. 2004) ("The court need not accept as true an allegation
that is contradicted by documents on which the complaint relies.").

point transferred to Rikers Island Correctional Facility.
(Compl. ¶ 7, page 6 ¶ 3.)  Plaintiff alleges that he spent two
years at Robert N. Davoren Detention Center at Rikers Island,
and that he was released on or shortly after November 23, 2010.
(Compl. ¶ 7, page 6 ¶ 3.)  While being detained on Rikers
Island, Plaintiff alleges that he was "subjected to body cavity
searches" in his housing unit and prior to going to and coming
back from court appointments.  (Compl. ¶ 17.)  Plaintiff also
alleges that he was denied medical care because the "New York
City Department of Corrections transportation unit refuse[d] to
take [him] to [his] schedule[d] appointment, because [he]
refuse[d] to w[ear] a jump suit that was contaminated with
blood, so they left without [him]."  (Compl. ¶ 18.)


### 2. Rule 12(b)(6) Pleading Standards


On a motion to dismiss pursuant to Rule 12(b)(6), all
factual allegations in the complaint are accepted as true, and
all inferences are drawn in favor of the pleader.  Mills v.
Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).
However, a complaint must contain "sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted). Pro se complaints in particular "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

## 3. Plaintiff's Claims Are Time Barred

Rashid claims false arrest, illegal detention, and cruel and unusual punishment and "mental stress." (Compl. at 6.) All of these claims, however, are time barred.

For actions brought under Section 1983, "the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'" Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)) (alterations in original). New York's three-year statute of

limitations for unspecified personal injury actions applies to claims under Section 1983.  See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).  A Section 1983 claim accrues, and the statute of limitations begins to run, when the plaintiff knows or has reason to know of the injuries forming the basis of the action.  See Pearl, 296 F.3d at 80; see also Martinez v. City of New York, 476 F. Supp. 2d 330, 331 (S.D.N.Y. 2007) (noting that the statute of limitations commences "from the date that plaintiff knew or objectively had reason to know of the alleged violation").  A constitutional claim for false arrest accrues at the time of the arrest.  Bezerra v. County of Nassau, 846 F. Supp. 214, 218-219 (E.D.N.Y. 1994); Palmer v. City of New York, 315 Fed. App'x 350 (2d Cir. 2009).  In false imprisonment claims, false imprisonment "ends once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges."  Wallace v. Kato, 549 U.S. 384, 390 (2007) (citation omitted) (emphasis in original).

For state law claims, New York's General Municipal Law requires that a claim against New York City or its employees must be "commenced within one year and ninety days after the happening of the event upon which the claim is based."  N.Y. Gen. Mun. § 50-i(1).  In addition, under New York Law, "[n]o

action [. . .] shall be prosecuted or maintained against the city [. . .] or any employee [. . .] unless notice of claim shall have been made and served upon the city." N.Y. Gen. Mun. § 50e(1)(a).  Failure to comply with this notice of claim requires dismissal of the state law claims.  See Brogdon v. City of New Rochelle, 200 F. Supp. 2d 411, 428 (S.D.N.Y. 2002); Miles v. City of New York, 99-CV-7365 (JG)(RLM), 2002 U.S. Dist. LEXIS 20580, at *15-16 (E.D.N.Y. Oct. 24, 2002); Ruiz v. Herrera, 745 F. Supp. 940, 945-46 (S.D.N.Y. 1991).

Here, Plaintiff alleges that he spent two years at Robert N. Davoren Detention Center at Rikers Island, and that he was released on or shortly after November 23, 2010.  (Compl. ¶¶ 10-11, page 6 ¶ 3.)  Plaintiff filed his complaint in the instant action on November 22, 2013.  (Compl. page 6, ¶ 3; Dkt. No. 2.)  Plaintiff does not contend in the complaint that he filed a notice of claim and Defendant avers that no document purporting to be a notice of claim was received by the City of New York.

Because Plaintiff's federal false arrest and false detention claims accrued upon his initial confinement, and institution of legal proceedings, in November 2008, this claim is barred by the three-year statute of limitations.  In

addition, Plaintiff does not specifically allege that he was searched at Rikers Island after November 22, 2010 and, as such, Plaintiff's claims relating to searches are also time barred. Any and all state law claims are time barred, as Plaintiff failed to comply with the one-year-and-ninety-day New York State Law statute of limitations and are also subject to dismissal for failure to comply with the requirements of N.Y. Gen. Mun. §§ 50-k(6) and 50-e(1)(a). Plaintiff's arguments to the contrary are unavailing.

Plaintiff contends that it was only in the beginning of November 2010 that he found "that his constitutional rights were violated and that he needed to obtain a lawyer once he [was] released" because "being a layperson in law [he] did not have any understanding of knowing if his constitutional right[s] were being violated or not," and that for that reason the statute of limitations was "satisfied." (Pl.'s Mem. 31-32.) Plaintiff further asserts that "[i]f the injury takes place over a period of time, ('a continuing wrong'), the statu[t]e may not start to run until the end of that period. (Pl.'s Mem. 32.) However, because the statutes of limitations for false arrest accrues at the time of the arrest, Bezerra, 846 F. Supp. at 218-19, and false detention claims begins to run when legal process is initiated against a plaintiff, Wallace, 549 U.S. at 390, and

do not accrue depending "on a plaintiff's knowledge of the law,
Keitt v. City of New York, No. 09 CIV. 5663 PKC DF, 2010 WL
3466175, at *6 (S.D.N.Y. Aug. 9, 2010) (citing Singleton v. City
of New York, 632 F.2d 185,191 (2d Cir. 1980)) report and
recommendation adopted, No. 09 CIV. 5663 PKC DCF, 2010 WL
3466079 (S.D.N.Y. Sept. 2, 2010), Plaintiff's arguments must
fail.[2]

---

[2] Even if the Court were to convert Plaintiff's unlawful detention claim into
a claim for malicious prosecution, see Wallace, 549 U.S. at 389-90
("[U]nlawful detention forms part of the damages for the 'entirely distinct'
tort of malicious prosecution, which remedies detention accompanied, not by
absence of legal process, but by wrongful institution of legal process.")
(internal citations omitted) (emphasis in original), a malicious prosecution
claim would still fail.  While such a claim would not be time barred, see
Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995) (holding that the statute of
limitations for claims based in malicious prosecution start to run only when
the underlying action is conclusively terminated), conversion of the unlawful
detention claim into a claim for malicious prosecution would be futile.
Under New York law, to establish a claim of malicious prosecution, a
plaintiff must prove: "(1) the initiation or continuation of a criminal
proceeding against plaintiff; (2) termination of the proceeding in
plaintiff's favor; (3) lack of probable cause for commencing the proceeding;
and (4) actual malice as a motivation for defendant's actions."  Murphy v.
Lynn, 118 F.3d 938, 947 (2d Cir. 1997).  Because Plaintiff himself alleges in
his complaint that at the November 19, 2008 probable cause hearing the court
"determined that there was probable cause to believe [he] was a sex offender
requiring civil management" (Compl. ¶ 4), a claim for malicious prosecution
cannot be sufficiently established.

## Conclusion

For the reasons and conclusions set forth above, Plaintiff's motion is dismissed with prejudice.

It is so ordered.

New York, New York
January 29, 2015

Robert W. Sweet
U.S.D.J.